Frank D. McKendall
vs.
Joseph Weisman et al. } No. 63577.

Frank D. McKendall
vs.
Joseph Weisman et al. } No. 66330.

May 18, 1934.

POULIOT, J. These two cases, tried together by agreement of counsel, are before the Court on plaintiff's motions for new trial after a jury verdict for the defendant in each case.

The evidence produced in this trial was not materially different from that offered in a previous trial, a good

analysis of which appears in the rescript of Mr. Justice Frost on file with the papers in the case.

There is no question of the fact that the plaintiff had a valid lien which guaranteed the payment of his claim in full, and, so far as is disclosed, was the only creditor having such protection. The trust agreement, which was stressed by the defendants' counsel in his argument to the jury, and again on hearing on motion for new trial, did not relinquish plaintiff's lien but only postponed final action on the lien until the period during which the trust agreement was to run had expired. So that, at the time the notes were given, the plaintiff still had his right to a 100% collection of his claim. The fact that a discharge of plaintiff's lien was not recorded at about the same time as the giving of the notes is not important; as long as he did discharge it when called upon to do so, he kept the promise which was the consideration for the notes.

The defense was ingenious. It claimed that the notes were given to the plaintiff for him to go out and buy up enough creditors' claims at a discount so that the dividends which would be paid later would be sufficient to pay plaintiff's claim in full and, if any surplus remained, the endorsers were to divide it. The plaintiff already had his full protection and did not need to enter into any such purported arrangement to get the full amount of his claim.

The personality of the plaintiff is not appealing and probably accounts for two juries returning verdicts against him.

The Court feels that the plaintiff has a good claim, upon which he ought to recover, and that the verdicts do not do substantial justice between the parties.

Plaintiff's motion for new trial granted in each case.

For plaintiff: Harlow & Boudreau.
For defendants: Sallet & Ress.